UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MELVIN D. LOCKETT, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-546-F |
| GRADY COUNTY JAIL, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Melvin D. Lockett, a prisoner appearing pro se, has conditionally filed an action under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Grady County Jail in Chickasha, Oklahoma. Compl. (Doc. No. 1); *see* LCvR 3.2, 3.3(d). United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). The matter is before the Court on Plaintiff's application for leave to commence the action without prepaying the $400.00 filing fee or giving security therefor. IFP Appl. (Doc. No. 5).

BACKGROUND

In May 2016, the Court received a one-page handwritten document, along with a partially completed standard IFP application, in which Plaintiff alleged that unidentified "medical staff" at the Grady County Jail were "systematically den[ying]" him several prescription medications, in violation of his rights under the Eighth Amendment to the U.S. Constitution. Compl. at 1. Upon initial review, the undersigned determined that Plaintiff's pleading and IFP application were deficient in several ways, all of which needed to be cured before the Court could officially file the action. *See* Order of June 6,

2016 (Doc. No. 6) at 1-2 (citing 28 U.S.C. § 1915(a)(2); Fed. R. Civ. P. 8(a); LCvR 3.3(b), 9.2(a)); *accord* LCvR 3.2, 3.3(d)-(e). Most importantly, Plaintiff's IFP application was missing a certified copy of his institutional account(s) statement for the last six months and the signature of an authorized officer from the relevant penal institution(s). *See* Order of June 6, 2016, at 1-2. This Court has not received anything from Plaintiff since he submitted a Notice of Change of Address and his IFP application on May 27, 2016. The Notice informed the Court that Plaintiff was being held at the Grady County Jail as of May 25, 2016. Notice of Change of Address (Doc. No. 4).

On June 6, 2016, the undersigned issued an Order directing Plaintiff—if he wanted to proceed with this lawsuit—to supplement his original IFP application with the required information, or pay the full $400.00 filing fee, and to cure his original pleading by June 27, 2016. Order of June 10, 2016, at 1-2. The Order also expressly warned Plaintiff that his action may be dismissed if he failed to comply by the Court's deadline. *Id.* at 2 (citing LCvR 3.2, 3.3(e)). The Clerk's Office promptly mailed the Order to Plaintiff's last known address at the Grady County Jail. *See* Dkt. Entry of June 6, 2016; Notice of Change of Address at 1. On June 20, 2016, that mail was returned to this Court with the following notes stamped on the envelope: "Not in Grady County Jail Return to Sender" "RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD." Mail Returned (Doc. No. 7) at 1.

ANALYSIS

An *in forma pauperis* applicant who is incarcerated is required by federal statute and by this Court's Local Rules to provide the Court with certain information regarding

his or her prison bank account(s), which must be certified by an appropriate prison official:

> A prisoner seeking to bring a civil action . . . in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); *accord* LCvR 3.3(b). The Court cannot grant a prisoner-plaintiff IFP status without this financial information, and it can dismiss an action when the plaintiff unjustifiably fails to comply with a court "order to submit his certified[] six-month account statement" by a date certain. *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540 (10th Cir. 2008) (citing *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996)); *see also* § 1915(a)(2), (b)(1).

It is Plaintiff's responsibility to inform the Court of his current address, and he failed to do so upon his release from the Grady County Jail sometime between May 25 and June 20, 2016, or any time since. *See* LCvR 5.4(a). Because Plaintiff has not submitted the necessary documents to demonstrate his inability to prepay the filing fee, the undersigned recommends that the District Judge:

(1) deny Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 5);

(2) order Plaintiff to pay the full $400.00 filing fee within 21 days of any order adopting this Report and Recommendation, *see* LCvR 3.2, 3.3(e); and

(3) dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, s*ee* LCvR 3.3(e).

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of September, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE